UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**ORIGINAL**

MICHAEL J. KNEITEL,

      Plaintiff,

TRIAL BY JURY DEMAND

YES __XXX__  NO_____

-against-

**CV 11 - 2883**

CHARLES HYNES, THOMAS ROSS, BERNARD B. KERIK, RAYMOND W. KELLY, WAYNE HARRISON, COSMO LUBRANO, JOSEPH ORRICO, KINGS COUNTY OFFICE OF THE DISTRICT ATTORNEY, CITY OF NEW YORK
      Defendant(s).

GARAUFIS, J.

POHORELSKY, M.J.

**Plaintiff in the above-captioned action allege(s) as follows:**

### JURISDICTION.

This is a civil action seeking relief and/or damages to defend and protect the rights guaranteed by the Constitution of the United States. This action is brought pursuant to *42 U.S.C. §1983.* The Court has jurisdiction over this action pursuant to **28 U.S.C. §§1331, 1343(3) and (4) and 2201.**

Venue is proper pursuant to **28 U.S.C. §1391 (b)** in that plaintiff's claims arise in the Eastern District of New York.

### I.   PREVIOUS LAWSUITS.

A.  Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment?
  **YES (XX)  NO ( ).**



RECEIVED
JUN 13 2011
PRO SE OFFICE

    **B.**    If your answer to A is YES, describe the lawsuit. If there is more than one Lawsuit, describe the additional lawsuits.

i.    1.    Parties to the previous lawsuit:

    Plaintiff(s): **MICHAEL KNEITEL**

    Defendant(s): **COSMO LUBRANO, JOSEPH ORRICO**

2.    Court (if federal court, name the district; if state court, name the county).

**UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF NEW YORK.**

3.    DOCKET NUMBER:

**04-CV-0971.**

4.    Name of Judge to whom case was assigned:

**NICHOLAS G. GARAUFIS.**

5.    DISPOSITION:

**SETTLEMENT PENDING IN FAVOR OF PLAINTIFF.**

6.    APPROXIMATE DATE OF FILING LAWSUIT:

**MARCH 4, 2004.**

7.    APPROXIMATE DATE OF DISPOSITION:

**MARCH 17, 2010.**

## II. PLACE OF PRESENT CONFINEMENT.

**PLAINTIFF IS NOT PRESENTLY CONFINED.**

### III.     PARTIES.

**A.**     Plaintiff:     **MICHAEL KNEITEL**
         Address:     405 Ocean Parkway, (Apt 2D)
                 Brooklyn, New York 11218

**B.**     Defendant:     CHARLES J. HYNES, is employed as the District Attorney of the City of New York County of Kings, 350 Jay Street, Brooklyn, New York 11201.

**C.**     Defendant:     THOMAS M. ROSS, is employed as the Assistant District Attorney of the City of New York County of Kings, 350 Jay Street, Brooklyn, New York 11201.

**D.**     Defendant:     BERNARD B. KERIK was employed as Commissioner of the New York City Police Department. Currently incarcerated at FCI Cumberland, Federal Correctional Institute, 14601 Burbridge Road SE, Cumberland, MD 21502.

**E.**     Defendant:     RAYMOND W. KELLY, is employed as the Commissioner of the New York City Police Department at One Police Plaza, New York, New York 10038.

**F.**     Defendant:     WAYNE HARRISON, was a police detective employed by the New York City Police Department at One Police Plaza, New York, New York 10038.

**G.**     Defendant:     COSMO LUBRANO, is a police officer employed by the New York City Police Department at One Police Plaza, New York, New York 10038.

**H.**     Defendant:     JOSEPH ORRICO, is a police officer employed by the New York City Police Department at One Police Plaza, New York, New York 10038.

**I.**     Defendant:     KINGS COUNTY OFFICE OF THE DISTRICT ATTORNEY, is a Municipal Department at 350 Jay Street, Brooklyn, New York 1201.

**J.**     Defendant:     The CITY OF NEW YORK is a Municipal Corporation within the State of New York.

## LIST OF DEFENDANTS.

1. **CHARLES J. HYNES, Esq.**
   Kings County Office of the District Attorney
   350 Jay Street
   Brooklyn, New York 11201

2. **THOMAS M. ROSS, Esq.**
   Kings County Office of the District Attorney
   350 Jay Street
   Brooklyn, New York 11201

3. **BERNARD B. KERIK**
   FCI CUMBERLAND
   Federal Correctional Institute
   14601 Burbridge Road SE
   Cumberland, MD 21502

4. **RAYMOND W. KELLY**
   New York City Police Department
   One Police Plaza
   New York, New York 10038

5. **WAYNE HARRISON**
   New York City Police Department
   One Police Plaza
   New York, New York 10038

6. **COSMO LUBRANO**
   New York City Police Department
   One Police Plaza
   New York, New York 10038

7. **JOSEPH ORRICO**
   New York City Police Department
   One Police Plaza
   New York, New York 10038

8. **KINGS COUNTY OFFICE OF THE DISTRICT ATTORNEY**
   350 Jay Street
   Brooklyn, New York 11201

9. **THE CITY OF NEW YORK**
   Municipal Corporation Within the State of New York

## IV.    STATEMENT OF CLAIM.

Preliminary Statement

This action is to vindicate the civil rights of Plaintiff Michael Kneitel whose property was illegally seized and destroyed by the defendants without notice. Furthermore, while defendants were conducting a search through plaintiff's property in a storage facility the defendants destroyed much of plaintiff's property.

The defendants' actions of destroying Michael Kneitel's property violated the Fourth and Fourteenth Amendments of the United States Constitution as well as counterpart provisions in the laws and constitution of New York State. The plaintiff seeks a finding that her rights have been violated, and damages.

### FACTS

On or about the 28 day of February 2001 the NYPD arrested Michael Kneitel for allegedly firing a gun at an off-duty police officer (a charge that proved false at trial). Subsequent to the arrest, detective Wayne Harrison of the NYPD applied for four search warrants. Upon execution of those warrants-Michael Kneitel's property was ultimately seized.

Upon release from prison, Plaintiff attempted to recover his property but to no avail. Moreover, Plaintiff was advised by the owner of the Flatbush Moving Company that members of the NYPD and Office of the District Attorney Conducted a search of all four storage rooms and, prohibited the staff from entering the premises while the search was in progress. For hours they removed the boxes and items, opened them up, inspected them, seized property outside the scope of the warrant with no nexus to any criminal activity and, never left any property vouchers. Subsequent to the search and seizure Flatbush Moving Company inspected the rooms and found the boxes and property was simply heaved back into the rooms in a haphazard manner. Immediately, Flatbush Moving Company canceled the insurance policy plaintiff purchased to protect his property in case of damage.

On or about the 15 day of June 2008, Plaintiff Michael Kneitel was advised by the NYPD that the property authorized for released had been disposed of years prior. Hundreds of thousands of dollars worth of electronic equipment, still cameras, video cameras, documents and, collectible Nazi memorabilia simply vanished into thin air (or more likely into the private collections of the defendants). This property was seized under the color of law, under the guise of a search warrant and, was supposed to be safeguarded as evidence under the care of these defendants were simply stolen by these defendants. Furthermore, on or about the 23 day of January 2010, plaintiff contracted Flatbush Moving Company to deliver his property to his new residence. Upon inspection, the horror of what the defendants perpetrated had been realized.

Virtually every piece of furniture from the bedroom, dining room, and living room was either damaged or destroyed. Crystal glasses, vases, porcelain figurines table lamps were shattered and destroyed. An antique chandelier passed down for generations made its way from Europe intact. However, it would not survive at the hands of the defendants. Huge

radio control aircraft that were carefully packaged and, transported from Florida to New York would not survive at the hands of the defendants. A custom made desk which took me three years to build was damaged by the hands of these defendants. Moreover, boxes contained discarded Styrofoam cups from Dunkin Doughnuts indicating further damage and misconduct.

This is a classic case of the defendant's intentional infliction of physical and emotional harm. Their conduct can only be described as extreme and outrageous. There was a definite intent to cause severe emotional and physical distress or total disregard of the substantial probability of severe emotional or physical distress. Finally, there is a causal connection between the conduct and the injury.

**CLAIM #1.**

On or about the 1 day of March 2001, and continuing to the present, in Brooklyn, New York, New York City District Attorney for the County of Kings **CHARLES J. HYNES,** in his individual and official capacity as district attorney, while acting under the color of state law, and exercising his administrative duties, intentionally and deliberately deprived plaintiff of his property and either knew or was supposed to know about the misconduct conducted by his officers. Thereby, he deprived the plaintiff of his right to be free from unreasonable searches and seizures, due process and equal protection under the laws which are guaranteed every citizen (incarcerated or not) under the United States Constitution and Constitution of the State of New York and, has acted in a manner designed to inflict physical and emotional distress upon plaintiff.

**CLAIM #2.**

On or about the 16 day of November 2002, and continuing to the present, in Brooklyn, New York, New York City Assistant District Attorney **THOMAS M. ROSS,** in his individual and official capacity as assistant district attorney, while acting under the color of law, and exercising his administrative duties intentionally and deliberately deprived plaintiff of his property. Thereby he deprived the plaintiff of his right to be free from unreasonable searches and seizures, due process and equal protection under the laws which are guaranteed every citizen (incarcerated or not) under the United States Constitution and Constitution of the State of New York and has acted in a manner designed to inflict physical and emotional distress upon plaintiff.

**CLAIM #3.**

On or about the 1 Day of March 2001 and continuing through December 31, 2001, in Brooklyn, New York, New York City Police Department Commissioner **BERNARD B. KERIK,** in his individual and official capacity as Commissioner of the NYPD, while acting under the color of law, and exercising his administrative duties, intentionally and deliberately deprived plaintiff of his property and either knew or was supposed to know about the misconduct conducted by his officers. Thereby, he deprived the plaintiff of his right to be free from unreasonable searches and seizures, due process and equal protection under the laws which are guaranteed every citizen (incarcerated or not) under the United States Constitution and Constitution of the State of New York and, has acted in a manner designed to inflict physical and emotional distress upon plaintiff.

**CLAIM # 4.**

On or about the 1 day of January 2002, and continuing to the present, in Brooklyn, New York, New York City Police Commissioner **RAYMOND W. KELLY,** in his individual and official capacity as Commissioner of the NYPD, while acting under the color of law, and exercising his administrative duties, intentionally and deliberately deprived plaintiff of his property and either knew or was supposed to know about the misconduct conducted by his officers. Thereby, he deprived the plaintiff of his right to be free from unreasonable searches and seizures, due process and equal protection under the laws which are guaranteed every citizen (incarcerated or not) under the United States Constitution and Constitution of the State of New York and, has acted in a manner designed to inflict physical and emotional distress upon plaintiff.

**CLAIM #5.**

On or about the 1 day of March 2001, and continuing to the present, in Brooklyn, New York, New York City Police Detective **WAYNE HARRISON,** in his individual and official capacity as Police Detective, while acting under the color of law, did willfully withhold property vouchers from plaintiff which ultimately deprived plaintiff of his property and was an active participant in the search and seizure process as well which; resulted in the wanton destruction of plaintiff's property. This officer's misconduct deprived the plaintiff of his right to be free from unreasonable searches and seizures, due process and equal protection under the laws which are guaranteed every citizen (incarcerated or not) under the United States Constitution and Constitution of the State of New York and, has acted in a manner designed to inflict physical and emotional distress upon plaintiff.

**CLAIM #6.**

On or about the 28 day of February 2001, and continuing to the present, in Brooklyn, New York, New York City Police Officer **COSMO LUBRANO,** in his individual and official capacity as Police Officer, while acting under the color of law, did willfully withhold property vouchers from plaintiff which ultimately deprived plaintiff of his property and was an active participant in the search and seizure process as well which; resulted in the wanton destruction of plaintiff's property. This officer's misconduct deprived the plaintiff of his right to be free from unreasonable searches and seizures, due process and equal protection under the laws which are guaranteed every citizen (incarcerated or not) under the United States Constitution and Constitution of the State of New York and, has acted in a manner designed to inflict physical and emotional distress upon plaintiff.

**CLAIM #7.**

On or about the 28 day of February 2001, and continuing to the present, in Brooklyn, New York, New York City Police Sergeant **JOSEPH ORRICO,** in his individual and official capacity as Police Officer, while acting under the color of law, did willfully withhold property vouchers from plaintiff which ultimately deprived plaintiff of his property and was an active participant in the search and seizure process as well which; resulted in the wanton destruction of plaintiff's property. This officer's misconduct deprived the plaintiff of his right to be free from unreasonable searches and seizures, due process and

equal protection under the laws which are guaranteed every citizen (incarcerated or not) under the United States Constitution and Constitution of the State of New York and, has acted in a manner designed to inflict physical and emotional distress upon plaintiff.

### CLAIM #8.

On or about the 1 day of March 2001, and continuing to the present, in Brooklyn, New York, the Municipal Department known as the **KINGS COUNTY OFFICE OF THE DISTRICT ATTORNEY,** in its official capacity, while acting under the color of law, knowingly and wantonly withheld property vouchers from the plaintiff which; ultimately resulted in the deprivation of plaintiff's property. Furthermore, this Municipal Department participated in the search and seizure of plaintiff's property and the resulting misconduct has directly caused the wanton destruction of plaintiff's property. Hence, this Municipal Department deprived the plaintiff of his right to be free from unreasonable searches and seizures, due process and equal protection under the laws which are guaranteed every citizen (incarcerated or not) under the United States Constitution and Constitution of the State of New York and, has acted in a manner designed to inflict physical and emotional distress upon plaintiff.

### CLAIM #9.

On or about the 1 day of March 2001, and continuing to the present, in Brooklyn, New York, the Municipality of the **CITY OF NEW YORK,** in its official capacity, while acting under the color of law, knowingly and wantonly withheld property vouchers from the plaintiff which; ultimately resulted in the deprivation of plaintiff's property. Furthermore, this Municipality participated in the search and seizure of plaintiff's property and the resulting misconduct has directly caused the wanton destruction of plaintiff's property. Hence, this Municipality deprived the plaintiff of his right to be free from unreasonable searches and seizures, due process and equal protection under the laws which are guaranteed every citizen (incarcerated or not) under the United States Constitution and Constitution of the State of New York and, has acted in a manner designed to inflict physical and emotional distress upon plaintiff.

### V. RELIEF.

***WHEREFORE***, the plaintiff Michael Kneitel requests that this Court:

(1) Assume jurisdiction over this matter;

(2) As a predicate to awarding compensatory relief, declare that the defendants violated Michael Kneitel's right to be free from unreasonable searches and seizure by seizing property outside the scope of the search warrants, seizing property with no nexus to any criminal activity, failure to provide property vouchers for any property, disposing of plaintiff's property without any notice and gross misconduct during the search

process which resulted in the wanton destruction of plaintiff's property as a result of gross and callous disregard for the law, plaintiff's property and misconduct.

(3) Award compensatory damages;

(5) Award punitive damages against defendants Charles J. Hynes, Thomas M. Ross, Bernard B.Kerik, Raymond W. Kelly, Wayne Harrison, Cosmo Lubrano and Joseph Orrico,

(6) Grant any other further relief this Court deems fit and proper.

### SIGNED THIS 5 DAY OF JUNE 2011. I DECLARE UNDER THE PENALTIES OF PERJURY THAT THE FOREGOING IS TRUE.

*[signature]*

**MICHAEL J. KNEITEL**
**450 OCEAN PARKWAY (Apt 2D)**
**BROOKLYN, NEW YORK 11218**

__**JUNE 5, 1962**__       *dropped off 6/13/11 MR*
**DATE OF BIRTH**

__**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**__
**SOCIAL SECURITY NUMBER**

- 9 -