FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 1 3 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

MICHAEL J. KNEITEL,

                Plaintiff,

-against-

CHARLES HYNES; THOMAS ROSS;
BERNARD B. KERIK; RAYMOND W. KELLY;
WAYNE HARRISON; COSMO LUBRANO;
JOSEPH ORRICO; KINGS COUNTY OFFICE
OF THE DISTRICT ATTORNEY; CITY OF
NEW YORK,

                Defendants.
------------------------------------------------------------X

**MEMORANDUM AND ORDER**

11-CV-2883 (NGG) (VVP)

NICHOLAS G. GARAUFIS, United States District Judge.

    Pro se Plaintiff Michael J. Kneitel ("Plaintiff") brings this action pursuant to 42 U.S.C. § 1983 alleging, inter alia, that Defendants are liable for the destruction or loss of his personal property. Plaintiff's request to proceed in forma pauperis is granted pursuant to 28 U.S.C. § 1915 for the purpose of this order only. For the reasons stated below, Plaintiff's claims against all Defendants are dismissed.

**I.    BACKGROUND**

    Plaintiff was arrested by the New York Police Department ("NYPD") on February 28, 2001. (Compl. (Docket Entry #1) at 5.) Plaintiff alleges that, subsequent to his arrest, the NYPD and the Office of the District Attorney executed a search warrant on four storage rooms, which contained Plaintiff's personal property. (Id.) Plaintiff states that, upon his release from prison, he attempted to recover his property. (Id.) At that time, Plaintiff alleges, he learned that Defendants had "destroyed much of plaintiff's property" during the course of the search and that "[v]irtually every piece of furniture . . . was either damaged or destroyed," as were a variety of

1

other items. (Id. at 5-6.) Plaintiff further alleges that "[o]n or about the 15 day of June 2008," he attempted to recover items that had been seized and "was advised by the NYPD that the property authorized for release[] had been disposed of years prior. Hundreds of thousands of dollars worth of electronic equipment, still cameras, video cameras, documents and, collectible Nazi memorabilia simply vanished into thin air (or more likely into the private collections of the defendants)." (Id. at 5.)

Plaintiff seeks declaratory relief and monetary damages based on the seizure and subsequent loss and destruction of the property contained in the storage rooms. (Id. at 9.) He brings claims against District Attorney Charles J. Hynes, Assistant District Attorney Thomas M. Ross, former Police Commissioner Bernard B. Kerik, Police Commissioner Raymond W. Kelly, NYPD Detective Wayne Harrison, NYPD Officer Cosmo Lubrano, and NYPD Sergeant Joseph Orrico, as well as the Kings County Office of the District Attorney and the City of New York ("the City"). (Id. 6-8.)

## II. STANDARD OF REVIEW

An in forma pauperis action shall be dismissed where a plaintiff's "allegation of poverty is untrue" or where the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

Where a plaintiff proceeds pro se, the court must construe the pleadings liberally. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191 (2d Cir. 2008). Application of a liberal pro se pleading standard is particularly important in cases such as this one, in which the plaintiff alleges a violation of his or her civil

2

rights. See Sealed Plaintiff, 537 F.3d at 191 (citing McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004)).

III. DISCUSSION

### A. Claims Against the City of New York and Kings County District Attorney's Office

A municipality, such as the City of New York, can be held liable under § 1983 only where a plaintiff can show that a deprivation of his or her constitutional rights was the result of a municipal policy or custom. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91 (1978). The doctrine of *respondeat superior* cannot be used to establish municipal liability. Richardson v. Nassau Cnty., 277 F. Supp. 2d 196, 204 (E.D.N.Y. 2003) (citing Bd. of Cnty. Comm'rs. of Bryan Cnty. v. Brown, 520 U.S. 397, 404-05 (1997)). Here, Plaintiff does not allege, and nothing in his Complaint suggests, that a municipal policy or custom caused any of the harm he alleges. Thus, conferring Monell liability on the City of New York would be improper, and Plaintiff's claim against the City is dismissed.

Plaintiff's claim against the King's County District Attorney's Office fails as well. Under New York law, "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law." N.Y.C. Admin. Code & Charter Ch. 16 § 396. As an "administrative arm" of the City, a district attorney's office lacks the capacity to be sued. See Hill v. City of White Plains, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002) ("Under New York law, departments which are merely administrative arms of a municipality, do not have a legal identity separate and apart from the municipality and cannot sue or be sued."); Conte v. Cnty. of Nassau, No. 06-CV-4746 (JFB), 2008 WL 905879, at *1 n.2 (E.D.N.Y. Mar. 31, 2008) (dismissing claims against Nassau County District Attorney's Office on the "well-settled

3

grounds" that this entity cannot be sued (citations omitted)). Accordingly, Plaintiff's claim against the King's County District Attorney's Office is dismissed.

### B. Claims Against Kerik and Kelly

Although Plaintiff names former Police Commissioner Bernard B. Kerik and current Police Commissioner Raymond W. Kelly as Defendants, he does not claim that they were personally involved in the alleged deprivation of his constitutional rights. "It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006) (quoting Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1991)); see also Blyden v. Mancusi, 186 F.3d 252, 264 (2d Cir. 1999). A plaintiff must "allege a tangible connection between the acts of the defendant and the injuries suffered." Bass v. Jackson, 790 F.2d 260, 263 (2d Cir. 1986); see also Ashcroft v. Iqbal, 129 S.Ct. 1938, 1940 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, . . . the plaintiff . . . must plead that each Government-official defendant, through [his] own individual actions, has violated the Constitution."). Here, Plaintiff fails to plead that Defendants Kerik or Kelly, through their own actions, violated his rights so as to give rise to liability under § 1983. As such, Plaintiff's claims against Kerik and Kelly are dismissed.

### C. Claims Against Remaining Defendants

Plaintiff previously filed a pro se complaint in this court on March 4, 2004. Kneitel v. Danchuk ("Kneitel I"), No. 04-CV-0971 (NGG) (E.D.N.Y. March 4, 2004) (Compl. (Docket Entry # 1)). In the previous action, Plaintiff brought claims against eight individual Defendants, alleging that they had violated his rights pursuant to § 1983. See id. He challenged the conduct of police and other officials in connection with his February 28, 2001 arrest and the search and

4

seizure of his property subsequent to that arrest. Plaintiff alleged, inter alia, that Defendants violated his rights when they improperly searched Plaintiff's car and storage lockers registered in his name and seized property contained therein. Id. at 4-6. On April 1, 2004, the court dismissed Plaintiff's non-property-related claims[1] and all claims as to Defendants Michael Danchuk, Salvatore Van-Casteren, Luis Pepe, Avery Mehlman, and Charles Hynes. Order ("March 2004 Order"), Kneitel I, at 6 (E.D.N.Y. March 24, 2004) (Docket Entry # 3). The court allowed Plaintiff's claim regarding the search and seizure of his property to go forward as to Defendants Cosmo Lubrano, Joseph Orrico, and Wayne Harrison. Id. However, on July 6, 2007, the court granted summary judgment in favor of the remaining three Defendants with regard to Plaintiff's storage locker claim. Order ("July 2007 Order"), Kneitel I, at 1 (E.D.N.Y. July 6, 2007) (Docket Entry # 50).[2]

"The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'" Taylor v. Sturgell, 553 U.S. 880, 892 (2008). "*Res judicata* need not be raised by the defendant[;] the court may raise the issue *sua sponte.*" Shekhem' El-Bey v. New York, 464 F. Supp. 2d 329, 333 (S.D.N.Y. 2007) (citing Salahuddin v. Jones, 992 F.2d 447, 449 (2d Cir. 1993)).

Claim preclusion forecloses "successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." Id. (citation omitted). In other words, "the doctrine of claim preclusion . . . precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Rivets v. Regions Bank of

---

[1] In Kneitel I, Plaintiff brought claims based on false arrest, malicious prosecution, police interrogation, and certain actions taken by prosecutors, in addition to claims regarding the search and seizure of his property.
[2] In the July 2007 Order, the court denied summary judgment for Defendants Lubrano and Orrico with regard to the automobile seizure claim. Kneitel I, July 2007 Order, at 1. The parties later settled the automobile-seizure claim, Kneitel I (E.D.N.Y. March 17, 2010) (Docket Entry # 113), and the court entered a judgment of dismissal on March 22, 2010 (Docket Entry # 115). The current Complaint does not allege facts related to the search and seizure of Plaintiff's automobile.

5

La., 522 U.S. 470, 476 (1998) (internal punctuation omitted). Claim preclusion exists where there has previously been "(1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action." EDP Med. Computer Sys., Inc. v. United States, 480 F.3d 621, 624 (2d Cir. 2007).

This court is a court of competent jurisdiction, see Sheffield v. Sheriff of Rockland Cnty. Sheriff Dep't, 393 F. App'x 808, 813 (2d Cir. 2010), which issued final judgment on the merits of Plaintiff's storage locker claims in its July 6, 2007 Order (granting summary judgment in favor of Harrison, Lubrano, and Orrico) and its April 1, 2004 Order (dismissing as to all other Defendants). These two decisions "actually passe[d] directly on the substance" of Plaintiff's claim. See Semtek Int'l, Inc. v. Lockheed Martin Corp., 531 U.S. 497, 501-02 (2001).

Kneitel I and the instant case also involve the same parties or their privies. See Bank of N.Y. v. First Millennium, Inc., 607 F.3d 905, 918 (2d Cir. 2010). Plaintiff named Defendants Charles Hynes, Wayne Harrison, Cosmo Lubrano, and Joseph Orrico in his prior suit. Thomas Ross, Assistant District Attorney for Kings County, was not sued in the previous action, but other Kings County District Attorney's Office officials—District Attorney Charles Hynes and Assistant District Attorney Avery Mehlman—were. See Kneitel I, Compl. at 2, 4-6. Similarly, although Plaintiff did not name Kelly or Kerick in his previous suit, he sued a number of other members of the NYPD. Id. "It is well established that government officials sued in their official capacity are considered to be in privity with each other, . . . such that a judgment for an official of a government agency precludes a subsequent action on the claim against an official of the same government agency." Shekhem' El-Bey, 464 F. Supp. 2d at 334 (citing Sunshine Anthracite Coal Co. v. Adkins, 310 U.S. 381, 402-03 (1940) and collecting cases). Here, Ross is

in privity with the King's County prosecutors sued in the previous action, and Kelly and Kerick are in privity with the NYPD officials sued in the previous action.[3] As a result, there is complete identity of individual parties in this suit and Plaintiff's March 2004 suit.[4]

Finally, this case involves the same cause of action as Plaintiff's previous suit. Whether a claim involves "the same cause of action" as a previously litigated claim turns on "whether the two proceedings in question concern the same transaction or series of transactions, whether the same evidence is needed to support both claims, and whether facts essential to the second proceeding were present in the first." Jones v. Dep't of Army Bd. for Corr. of Military Records, 77 F. App'x 39, 40 (2d Cir. 2003). "[I]t is the facts surrounding the transaction or occurrence which operate to constitute the cause of action, not the legal theory upon which a litigant relies." Expert Elec., Inc. v. Levine, 554 F.2d 1227, 1234 (2d Cir. 1977); see also Shekhem' El-Bey, 464 F. Supp. 2d at 334-35 (citing Yoon v. Fordham Univ. Faculty and Admin. Retir. Plan, 263 F.3d 196, 200 (2d Cir. 2001) for principle that "all claims arising out of the same transaction or series of transactions are barred once a claim is brought to a final conclusion, even if based upon other legal theories or seeking a different remedy").

In Kneitel's previous law suit, he claimed that Defendants violated his constitutional rights by, inter alia, illegally seizing his personal property contained in rented storage lockers,

---

[3] As discussed in part III.B, *supra*, Kelly and Kerick could not be held liable even if Plaintiff's suit was not barred by res judicata.
  The court notes that Plaintiff named all individual Defendants, including Ross, Kelly, and Kerick in their "individual and official capacit[ies]." (Compl. at 6-8.) However, because Plaintiff has alleged no facts that suggest that any of the individual Defendants were acting outside the scope of their employment, these claims are viable against the Defendants in their official capacities only. See, e.g., Shekhem' El-Bey, 464 F. Supp. 2d at 334 n.3 (reaching same conclusion despite noting that "[g]enerally, government officials sued in their individual capacities are not considered to be in privity with the government").

[4] As discussed in part III.A, the non-individual entities—the City of New York and King's County District Attorney's Office—are not proper defendants here. Furthermore, Plaintiff's attempt to "relitigat[e] identical issues by merely 'switching adversaries'" does not create a new cause of action. See Rose v. Goldman, No. 02-CV-5370 (NGG), 2011 WL 1130214, at *5 (E.D.N.Y. March 24, 2011) (quoting Parklane Hosiery Co., Inc. v. Shore, 439 U.S. 322, 329 (1979)).

after police conducted a search of these storage units subsequent to Plaintiff's 2001 arrest; this claim focused on Defendants' alleged failure to give Plaintiff adequate notice of the proper procedures for reclaiming his property, see Kneitel I, July 2007 Order, at 3, 7-13, as well as their alleged destruction of property, see Kneitel I, Compl. 4-6. Plaintiff's current lawsuit alleges that Defendants' same search and seizure of property in these same storage lockers violated his constitutional rights. (Compl. at 5.) Although Plaintiff's current allegations focus on the alleged destruction and loss of his property rather than the inadequate provision of notice (see id. at 6-8), there is no question that this action arises out of the same "transaction or occurrence" as the earlier suit and therefore arise from the same cause of action. To the extent that Plaintiff raises new claims in the current action or relies on new theories of unconstitutionality, he should and could have raised them in his prior suit. Plaintiff's suit is therefore barred by res judicata.

## IV. CONCLUSION

Plaintiff's claims against all Defendants are DISMISSED. 28 U.S.C. §1915(e)(2)(B)(ii). No summons shall issue in this case. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 269 U.S. 438, 444-45 (1962).

SO ORDERED.

s/Nicholas Garaufis

Dated: Brooklyn, New York
July 11, 2011

NICHOLAS G. GARAUFIS
United States District Judge